UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 3:20-CR-161-2 |
| ] | JUDGE TRAUGER |
| SHELBY LIGONS ] | |

## MOTION REQUESTING
## EARLY TERMINATION OF SUPERVISED RELEASE
## AND SUPPORTING MEMORANDUM

Comes now the defendant, SHELBY LIGONS, by and through counsel pursuant to Title 18 U.S.C. § 3583(e)(1) and hereby moves this Court to terminate Ms. Ligons' term of supervised release early. Ms. Ligons submits that her exemplary compliance on supervised release warrants early termination in the interests of justice.

In support of this motion, Ms. Ligons submits the following:

### STATEMENT OF FACTS

On March 3, 2021, Shelby Ligons accepted responsibility for her conduct in this case and pled guilty to the offense charged against her in the above indictment, a violation of Title 18 U.S.C. § 844(i) malicious destruction of property by fire (DE 51 & 653). On August 10, 2021, Ms. Ligons was sentenced to one year and one day followed by three years of supervised release with special conditions and a $500 restitution payment (DE 86 & 87). Ms. Ligons' period of supervised release

commenced on January 4, 2022 and she has successfully completely nearly two years of supervision without incident and has paid off all of her restitution (see docket in above case).

Ms. Ligons' probation officer James Foster reports that *he has no objection to early termination* of Ms. Ligons' supervised release and that the U.S. Probation and Pretrial Services Office supports Ms. Ligons' request for early termination. Mr. Foster has informed counsel that Ms. Ligons has maintained steady employment and substantially complied with all release conditions, including the payment of her restitution. Assistant United States Attorney Ben Schrader represents that the government does not take any position on Ms. Ligons' request for early termination. Based upon Ms. Ligons' performance on supervised release and the recommendation of the U.S. Probation and Pretrial Services Office, Ms. Ligons' requests early termination of her supervised release so that she and her daughter may relocate to Arizona where Ms. Ligons' father resides and start a new chapter of their lives.

## ANALYSIS

Ms. Ligons' sentence included twelve months and one day followed by three years of supervised release (DE 86 & 87). As reported by U.S. Probation Officer Foster, Ms. Ligons' behavior since being placed on supervised release has been exemplary. Ms. Ligons humbly submits that her performance on supervised release and the interests of justice warrant consideration of the requested early termination of his supervised release. *See generally* Title 18 U.S.C. § 3583(e)(1).

Title 18 U.S.C. § 3583(e)(1) provides for early termination of supervised release and specifically provides:

> **(e) Modification of conditions or revocation**. – The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant release at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice.

*See* Title 18 U.S.C. § 3583(e)(1).

Ms. Ligons submits that the factors to be considered by this Court warrant the requested early termination and addresses each of the 3553(a) factors listed in § 3583(e):

> **(1) the nature and circumstances of the offense and the history and characteristics of the defendant:**
>
> Ms. Ligons was convicted of malicious destruction of property by fire (DE 16-18) stemming from her involvement in Nashville protests that followed the George Floyd murder by law enforcement. As the Court may recall from the video of what occurred, Ms. Ligons was at a protest in Nashville where numerous protestors had been vandalizing the Metro courthouse with spray paint and fire, when Ms. Ligons' who was encouraged by the protestors placed her burning poster in the courthouse window. This Court, following a two-part lengthy sentencing hearing. imposed a twelve month and one day sentence followed by three years of supervised release (DE 86 & 87). Since her January 4, 2022 prison release, Ms. Ligons has

continually worked hard to provide support for her daughter and has complied with all release conditions. Ms. Ligons and her daughter currently reside with Ms. Ligons' mother in Nashville, Tennessee; Ms. Ligons works in the kitchen at a local restaurant. Since her placement on supervised release, Ms. Ligons has substantially complied with all rules of supervised release. She is working with the mental health cooperative (the "co-op") and had been participating in regular therapy sessions (from January 2022 through April 2023 when her therapist left the co-op). Ms. Ligons continues to check in with her co-op social worker. The probation office agrees with the request for early termination of Ms. Ligons' release. Undersigned counsel reached out to the government (AUSA Schrader) and the government reportedly takes no position on this motion.

**(2) the need for the sentence imposed–**

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

As stated above, Ms. Ligons has been on this Court's supervision since her initial release on January 4, 2022.This period of supervision has been significant and addressed all of the factors outlined in 3553(a)(2). In total, Ms. Ligons has been on supervision with the Court since her August 3, 2020 arrest (DE 8) (pre-trial and post-sentencing) and this three and a half years under Federal Court supervision reflects the seriousness of the offense, promotes respect for the law and amounted to just punishment. This experience has afforded adequate deterrence and protected

the public while providing Ms. Ligons with the support she has needed to remain on track as a law abiding citizen, working and supporting her daughter.

**(3) the kinds of sentences available:**

Ms. Ligons has proven through her compliance with supervised release that the imposed period of supervision that followed nearly a year of incarceration has had a rehabilitative impact on her.

**(4) the kinds of sentences and the sentencing ranges established for—**

**(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--**

**(5) a pertinent policy statement issued by the sentencing commission:**

**(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;**

Ms. Ligons' sentence and request for early termination of supervised release will not result in a sentencing disparity. She has complied with supervised release for nearly two years of a three-year period, which followed nearly a year in jail. Overall, Ms. Ligons has been on supervision with this Court for over three and a half years.

**(7) the need to provide restitution to any victims of the offense:**

Ms. Ligons has no outstanding restitution because she has paid it in full.

Based upon the foregoing discussion of the factors to be considered by this Court, coupled with the endorsement of the U.S. Probation and Pretrial Services Office, Ms. Ligons requests that this Court grant the instant motion. Once Ms. Ligons is off supervised release, she plans to take

her daughter and relocate to Arizona where her father lives; she and her father have been looking at culinary schools in the area and Ms. Ligons plans to enroll in one and enhance her knowledge of working in a kitchen as a souz chef (and eventually hopes to become a chef in her own right). Ms. Ligons maintains that her conduct while on supervised release and the interests of justice warrant granting her request for early termination of her supervised release. Title 18 U.S.C. § 3583(e)(1).

## CONCLUSION

For the reasons set forth above, Ms. Ligons requests this Honorable Court grant the instant motion and terminate her period of supervised release early.

Respectfully submitted,

___s/ **Jodie A. Bell**_____
JODIE A. BELL
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
615-244-1110/615-953-4977
615-928-1901 (facsimile)

<strong><u>CERTIFICATE OF SERVICE</u></strong>

I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following:

Ben Schrader
U.S. Attorney's Office
Middle District of Tennessee
Suite A-961, 110 Ninth Avenue South
Nashville, Tennessee 37203

This the 19th day of December 2023.

        /s/ Jodie A. Bell
        JODIE A. BELL